# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2011

Lyle W. Cayce
Clerk

No. 10-40583
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNACIO DAMIAN OCHOA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-1125-1

Before JONES, Chief Judge and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ignacio Damian-Ochoa (Damian) appeals the non-Guidelines sentence imposed following his guilty-plea conviction for illegal reentry in violation of 18 U.S.C. § 1326. Damian argues that his sentence is procedurally and substantively unreasonable because the district court did not consider whether an upward departure under the Guidelines was appropriate before imposing an upward variance, the district court did not adequately explain the extent of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upward variance, and the sentence was greater than necessary to achieve the goals of sentencing.

Sentences, whether inside or outside the advisory guidelines range, are reviewed under an abuse of discretion standard for procedural error and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Damian's argument that the district court should have first considered whether an upward departure under the Guidelines was appropriate before imposing an upward variance is unavailing. A district court is not required to "consult or comply" with § 4A1.3 of the Guidelines prior to the consideration or imposition of a non-guidelines sentence. *United States v. Mejia-Huerta*, 480 F.3d 713, 723 & n.43 (5th Cir. 2007).

As for Damian's contention that the district court failed to explain the extent of the imposed variance, the record belies this assertion. The district court did state reasons for its upward variance – the sentencing goal of deterrence; the nature, circumstances or severity of the offense; the history and characteristics of the defendant; and the need to promote respect for the law. The district court specifically voiced concern about the 32 times Damian illegally reentered the United States.

Lastly, Damian's non-Guidelines sentence of 32 months of imprisonment, a 16-month variance from the top of his 10 to 16 month advisory guidelines sentencing range, is substantially reasonable. Damian's sentence is supported by numerous § 3553(a) factors and is less than the statutorily authorized sentence of 10 years of imprisonment set forth in the statute of conviction. *See United States v. Williams*, 517 F.3d 801, 812-13 (5th Cir. 2008). Also, we have upheld variances greater than this variance. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 492-93 & n.40 (5th Cir. 2005). Accordingly, in light of the record and the deference that this court

affords to the district court's findings, the district court did not abuse its discretion when it imposed a non-Guidelines sentence.

The judgment of the district court is AFFIRMED.